IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | :: | 1:14-CR-0435-SCJ-JSA |
| NICHOLAS JOHNSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

This matter appears before the Court for consideration of the magistrate judge's July 15, 2015 Report and Recommendation ("R&R") [Doc. No. 59], in which The Honorable Justin S. Anand, United States Magistrate Judge, recommended that the Defendant's Motion to Suppress Identification [Doc. No. 23] and Motion to Suppress Cellular Telephone Records [Doc. Nos. 22, 26] be denied.

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b)(2), Defendant timely filed an objection. Doc. No. [70]. Defendant specifically objects to (1) the magistrate judge's determination that an accomplice's identification of Defendant was sufficiently reliable as to be admissible, and (2) the magistrate judge's conclusion that the Government did not violate the Fourth Amendment when it acquired cellphone data that revealed Defendant's geographical location. Id. pp. 1–4.

The Government has not filed a response to the objection.

AO 72A
(Rev.8/82)

In reviewing a magistrate judge's report and recommendation, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1). The district judge must "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation." United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam).[1] The Court has read the transcript of the hearing in the case *sub judice* and will address each of the Defendant's objections in turn.[2]

**Objection 1 – Accomplice's Identification was Sufficiently Reliable**

As a preliminary matter, this Court agrees with the magistrate judge's undisputed conclusion that the single-photograph display shown to Defendant's alleged accomplice, Tony Thomas, was unduly suggestive. See Doc. No. [59], p. 5–6; see also United States v. Cannington, 729 F.2d 702, 711 (11th Cir. 1984) (noting that "a single-photo identification procedure" was "impermissibly suggestive"). Thus, the

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

[2] See also United States v. Powell, 628 F.3d 1254, 1257 (11th Cir. 2010) (holding that a district judge may not reject a magistrate judge's credibility determination without first re-hearing the disputed testimony) and United States v. Dorvilus, 357 F. App'x 239, 244 (11th Cir. 2009) (citing United States v. Raddatz, 447 U.S. 667, 674–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)) (holding that a district judge, however, "is not required to rehear witness testimony when accepting a magistrate judge's credibility findings.").

question is whether, under the totality of the circumstances, Thomas' identification was sufficiently reliable, despite the unduly suggestive procedure. See <u>United States v. Whatley</u>, 719 F.3d 1206, 1214 (11th Cir. 2013). In deciding if the identification was reliable, this Court must consider certain factors, including the opportunity the witness had to view the criminal, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness, and the length of time between the crime and the identification. <u>Id.</u>

Defendant does not object to any of the magistrate judge's findings of fact, but rather argues that the evidence submitted "failed to satisfy [the Government's] burden of demonstrating that the identification was nevertheless reliable despite the undue suggestiveness" of the identification procedure. <u>See</u> Doc. No. [70], p. 2. Accordingly, this Court adopts the findings of fact as laid out in the R&R. Doc. No. [59], pp. 1-4.

The magistrate judge specifically addressed, and rejected, many of the arguments Defendant raises in his objections to the R&R. For example, Defendant notes that "Thomas was never asked to give a description of the person [whom he knew as "Albert"] prior to being asked to make an identification from the lone photo of [Defendant]." Doc. No. [70], p. 2. However, as the magistrate judge observed, while it "is unfortunate that the agent did not ask Thomas to provide a physical

description of 'Albert,' prior to displaying any photograph," the record nevertheless included "other facts that support[ed] the accuracy and reliability" of the identification. Doc. No. [59], p. 7.

This was not a "case of a fleeting bystander identification, or that of a stranger," here, over the course of approximately 16 months, Thomas personally delivered more than 100 packages to the person he knew as "Albert." Id. pp. 6–7. While Defendant contends that there was no specific evidence about how much attention Thomas paid to "Albert's" appearance during their interactions, the sheer magnitude of the interactions suggests that Thomas had an ample basis from which he could know and recognize Defendant. Defendant further notes that two months had elapsed between Thomas' last encounter with "Albert" and his identification of Defendant. Doc. No. [70], pp. 3-4. However, this delay between Thomas' last interaction and the identification was relatively short, and the fact of the delay is counterbalanced by the numerosity of the interactions Thomas had with Defendant.

Finally, Defendant argues that Thomas had an incentive to cooperate with authorities by identifying Defendant to avoid criminal prosecution. Id. p. 3. The magistrate judge noted that Thomas "had a clear incentive to curry favor with [the authorities]," but determined that certain facts indicated the identification was, nevertheless, reliable. Particularly, Thomas was confident in his identification of

AO 72A
(Rev.8/82)

Defendant as "Albert," and even insisted that he knew Defendant as "Albert" after he was "pointedly asked" by the officer if he knew Defendant by his actual name, Nicholas Johnson. Doc. No. [59], p. 8. This fact demonstrates that "Thomas was not just parroting back facts that he believed the agent already suspected." Id. Thomas' identification was also supported by the fact that he remembered the specific address and apartment number where he met the Defendant—a fact that was corroborated by the agent's review of other sources. See Id. p. 7–8; see also Manson v. Brathwaite, 432 U.S. 98, 116, 97 S. Ct. 2243, 2254, 53 L. Ed. 2d 140 (1977)(finding that an identification further was supported by the fact that the defendant was "arrested in the very apartment" where the informant had purchased narcotics).

While the facts do not uniformly weigh in favor of a conclusion that Thomas' identification was reliable, they do not demonstrate "a very substantial likelihood of irreparable misidentification." Manson, 432 U.S. at 116. Thus, under a totality of the circumstances, the magistrate judge correctly concluded that sufficient facts demonstrated the reliability of Thomas' identification such that its admission would not violate the Fifth Amendment. See Whatley, 719 F.3d at 1214. Where "identification testimony . . . has some questionable feature," courts "rely upon the good sense and judgment of American juries" to "measure intelligently" the weight to give such evidence. Manson, 432 U.S. at 116.

**Objection 2 – Cell Site Data did not Violate the Fourth Amendment**

Defendant also objects to the magistrate judge's conclusion that the Government did not violate the Fourth Amendment when it acquired cell site data that revealed Defendant's geographical location at various times. Doc. No. [70], p. 4. He acknowledges that the Eleventh Circuit's *en banc* opinion in <u>United States v. Davis</u>, 785 F. 3d 498 (11th Cir. 2015), *cert. denied*, No. 15-146, 2015 WL 4600402 (U.S. Nov. 9, 2015), forecloses his argument, but nevertheless "posits that the Government's acquisition of such information does constitute a search for which a warrant must be obtained." <u>See</u> Doc. No. [70], p. 4. This Court is bound by the Eleventh Circuit precedent squarely rejecting this argument, and must deny his motion to suppress the phone records provided by Sprint. <u>See</u> <u>Davis</u>, 785 F.3d at 511.[3]

## CONCLUSION

The R&R (Doc. No. [59]) is hereby **ADOPTED** as the order of the court, and Defendant's objections to the R&R (Doc. No. [70]) are **OVERRULED**. The

---

[3] Moreover, Defendant does not address the magistrate judge's alternate ground for denying the motion to suppress – the fact that the Government was not at fault in obtaining the cell site data. <u>See</u> Doc. No. [59], p. 10 n.4. As the magistrate judge noted, the Government did not request the disputed data. Rather, Sprint provided the data *sua sponte*. Therefore, punishing the Government by suppressing the data would not further the exclusionary rule's purpose of deterring illegal police practices. <u>See</u> <u>United States v. Leon</u>, 468 U.S. 897, 915-18, 104 S. Ct. 3405, 3417-18, 82 L. Ed. 2d 677 (1984).

AO 72A
(Rev.8/82)

Defendant's Motion to Suppress Identification [Doc. No. 23] and Motion to Suppress Cellular Telephone Records [Doc. Nos. 22, 26] are **DENIED**.

**IT IS SO ORDERED**, this 21st day of December, 2015.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)